# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **WAL-MART STORES TEXAS, LLC,** which may be served with process **by serving its registered agent, CT CORPORATION SYSTEM, at 1999 BRYAN ST, SUITE 900, DALLAS, TX 75201** or wherever he/she may be found



Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **205th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 15th day of July, 2021 by Attorney at Law, TIFFANY NICOLE JOUDI, 109 NORTH OREGON 12TH FLOOR EL PASO TX  79901, in this case numbered **2021DCV2440** on the docket of said court, and styled:

**MATTHEW CHRISTOPHER HANER**
**VS.**
**WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., AND JOHN DOE**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure and Jury Request** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 23rd day of July, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**          Attest:  NORMA FAVELA BARCELEAU  District Clerk
District Clerk                                      El Paso County, Texas      .
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901                    By: _____ , Deputy
                                                        Veronica Cables

EXHIBIT B

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original
Petition and Request for Disclosure and Jury Request**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|------|------|------|------|------|--------------------------------|
|      | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
|      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____ County, Texas

Total _____ $ _____   by _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

IN THE _____ JUDICIAL DISTRICT COURT
EL PASO COUNTY COURT AT LAW NUMBER _____,
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MATTHEW CHRISTOPHER HANER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV_____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART STORES, INC., and | § | |
| JOHN DOE | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MATTHEW CHRISTOPHER HANER (hereinafter referred to as "Plaintiff"), complaining of WAL-MART STORES TEXAS, LLC (hereinafter referred to as "Defendant WAL-MART STORES, LLC"), WAL-MART STORES, INC. (hereinafter referred to as "Defendant WAL-MART STORES, INC.) and JOHN DOE for a cause of action would respectfully show the Court and/or Jury as follows:

## I.    DISCOVERY LEVEL

Pursuant to Rule 190, Plaintiff requests discovery in this case be conducted in Level III.

## II.    PARTIES

Plaintiff is a resident of El Paso County, Texas. The last three numbers of Plaintiff's social security number are 075.

Defendant WAL-MART STORES TEXAS, LLC is a Delaware Corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent,

*Page 1 of 7*

CT CORPORATION SYSTEM, or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 and/or wherever may be found.

Defendant WAL-MART STORES, INC. is a Delaware Corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CT CORPORATION SYSTEM, or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 and/or wherever may be found.

Defendant JOHN DOE is an unidentified individual with an unknown citizenship or residency at the time of pleading.

### III.    FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident that occurred on or about November 15, 2020 in El Paso County, Texas. At such time and place Plaintiff was inside Defendants' premises, the Wal-Mart located at 7555 N Mesa St, El Paso, TX 79912, when Plaintiff was struck by a motorized shopping cart operated by John Doe. Upon information and belief, the motorized shopping cart which struck Plaintiff created an unreasonably dangerous condition inside of the WAL-MART store. Said occurrence caused Plaintiff injuries. At the time, Plaintiff was an invitee to whom Defendants owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

### IV.    PREMISES LIABILITY

At the time of the collision, Plaintiff was a WAL-MART customer inside of the WAL-MART store. Consequently, WAL-MART, by and through its employee/agents, owed Plaintiff the duty to inspect the premises and maintain it in a reasonably safe manner. WAL-MART was the

owner and/or operator of the store at the time of the fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred.

While upon Defendant WAL-MART's premises and under their control, Plaintiff suffered damages and injuries caused by a dangerous condition on the premises, which Defendants' actually knew or, in the exercise of ordinary care, should have known existed.

Defendants negligently caused or negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendants actually knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff.

WAL-MART, by and through its employee/agents, knew or should have known of the dangerous condition of the premises for numerous reasons including, but not limited to:

a. Customers notified Wal-Mart of the dangerous condition;

b. WAL-MART agents, servants, or employees actually witnessed accidents caused by the dangerous condition at the subject store or other WAL-MART stores of similar design and construction around the country;

c. WAL-MART agents, servants, or employees actually caused the dangerous condition at the subject store or other WAL-MART stores of similar design and construction around the country;

d. WAL-MART agents, servants, or employees were involved in the design and construction of the dangerous condition at the subject store or other WAL-MART stores of similar design and construction around the country;

e. WAL-MART agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other WAL-MART stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

f. The dangerous condition existed long enough at the subject store or other WAL-MART stores of similar design and construction around the country that WAL-MART did or should have discovered it upon reasonable inspection.

g. Despite all of the above, Defendant WAL-MART failed to warn Plaintiff of the unreasonably dangerous condition on its premises, for which it knew, or should have known existed.

WAL-MART breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn Plaintiff of the dangerous condition. Each of these acts or omissions, taken alone or collectively, amount to premises liability by WAL-MART and Plaintiff sustained damages as a proximate result of WAL-MART's conduct. Accordingly, WAL-MART is liable to Plaintiff as a result of its premises liability.

## V.   NEGLIGENCE OF DEFENDANT WAL-MART STORES TEXAS, LLC and WAL-MART STORES, INC.

At the time of the collision, Plaintiff was a WAL-MART customer and, as such, WAL-MART had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

This occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of WAL-MART STORES, LLC and WAL-MART STORES, INC.:

1. Failure to inspect the motorized shopping cart;
2. Failure to maintain and repair the motorized shopping cart;
3. Negligent hiring, supervision and retention of its employees;
4. Failure to properly train and supervise its employees and agents;
5. Failure to establish and enforce safety rules and regulations;
6. Failure to maintain and exercise proper control and management of policies, procedures and protocols for the safety of customers;
7. Failing to protect the safety of Plaintiff;
8. Failing to inspect;
9. Failure to warn Plaintiff of the dangers;
10. Failure to provide warning;
11. Other negligence.

Each act and omission is other than what a reasonable person would have done under the same or similar circumstances. As such, each negligent act and omission, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below.

## VI. NEGLIGENCE OF DEFENDANT JOHN DOE

Plaintiff alleges that the occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant JOHN DOE while he was using a motorized cart to shop inside the WALMART store:

1. Failure to pay attention and keep a proper lookout while operating the motorized cart;
2. Failure to familiarize himself with the motorized cart's controls and operating system before use;
3. Failure to use due care under the circumstances;
4. Failure alert Plaintiff of imminent collision;
5. Other negligence.

Each act and omission is other than what a reasonable person would have done under the same or similar circumstances. As such, each negligent act and omission, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below.

## VII.   DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of the Defendants and the injuries described herein, Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the negligence of Defendants, Plaintiff has suffered increased pain to his legs and back and will continue to suffer pain to his legs and back. As a result of the negligence of Defendants, a device on the Plaintiff's back which helps manage pain became dislodged. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered damages within the jurisdictional limits of this Court.

Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiffs request the jury be fair and reasonable in its determination of actual damages in an amount of $200,000.00 but no more than $1,000,000.00.

## VII.    TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## VIII.   JURY REQUEST

Plaintiff respectfully requests trial by jury of the issues in this case.

## IX.    REQUIRED DISCLOSURES

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Tex. R. Civ. P. 194.2(a) the information or material described in Rule 194.2(b) - 194.4(a)(2).

## X.    RELIEF REQUESTED

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and on that on final trial, Plaintiff have judgment rendered against Defendants, for costs, pre-judgement and post judgement interest and for such other relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
TJoudi@ScherrLegate.com


*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

El Paso County - 205th District Court

Filed 7/20/2021 11:32 AM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2440

IN THE 205th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MATTHEW CHRISTOPHER HANER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV-2440 |
| | § | |
| WAL-MART STORES TEXAS, LLC, and | § | |
| WAL-MART STORES, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## JURY REQUEST

On this the 20th day of July 2021, the Plaintiff having demanded a jury, it is hereby ordered that the above styled and numbered cause be placed upon the jury docket on payment of the jury fee herein.

Respectfully submitted,

**SCHERR LEGATE, PLLC.**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
TJoudi@scherrlegate.com
(915) 544-0100
(915) 532-1759 (Facsimile)

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
205TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| MATTHEW CHRISTOPHER HANER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Cause No. 2021DCV2440 |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART STORES, INC., | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | | |

## DEFENDANTS WAL-MART STORES TEXAS, LLC AND WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants WAL-MART STORES TEXAS, LLC, and WALMART STORES, INC. file their Answer to Plaintiff's Original Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny all material allegations contained in Plaintiff's Original Petition and demand strict proof thereof as required by law.

### II.

### DEFENSES

A.     The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.     To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Petition, which Defendants deny, those injuries and damages were proximately caused by the acts or omissions

of persons and/or entities over whom Defendants have no control and for whom Defendants have no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.      Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendants.

E.      Defendants would show that the occurrence in question may have been caused by the negligence of a third party over whom Defendants had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

F.      Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

G.      The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

H.      Defendants plead Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

I.      Defendants plead the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

J.      Plaintiff's recovery for lost earnings, lost earning capacity, or other pecuniary loss, if any, must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law pursuant to Tex. Civ. Prac. & Rem. Code Section 18.091(a).

## III.

## AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendants assert the following affirmative defenses:

A.      Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces it proportionately.

B.      To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendants are not responsible for any damages that could have been avoided.

## IV.

## JURY DEMAND

Defendants request trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing that they be discharged and allowed to go hence without day and with their costs and that the Court grant Defendants such other and further relief, general or special, legal or equitable, to which Defendants may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ____*/s/ Laura Enriuqez*_____
        Laura Enriquez
        State Bar No. 00795790
        Attorneys for Defendants
        WAL-MART STORES TEXAS, LLC
        And WAL-MART STORES, INC.

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 23rd day of August 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Tiffany N. Joudi
Scherr & Legate, PLLC
109 N. Oregon, 12th Floor
El Paso, Texas 79901
tjoudi@scherrlegate.com

___/s/ Laura Enriquez_____
Laura Enriquez

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanette Williams on behalf of Laura Enriquez
Bar No. 00795790
jwilliams@mgmsg.com
Envelope ID: 56546793
Status as of 8/23/2021 10:23 AM MST

Associated Case Party: MatthewChristopherHaner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lourdes Galindo | | lgalindo@scherrlegate.com | 8/23/2021 10:11:01 AM | SENT |
| Tiffany N.Joudi | | tjoudi@scherrlegate.com | 8/23/2021 10:11:01 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeanette Williams | | jwilliams@mgmsg.com | 8/23/2021 10:11:01 AM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 8/23/2021 10:11:01 AM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 8/23/2021 10:11:01 AM | SENT |

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
205TH JUDICIAL DISTRICT COURT

MATTHEW CHRISTOPHER HANER,        §
                                 §
        Plaintiff,               §
                                 §
v.                               §
                                 §        Cause No. 2021DCV2440
WAL-MART STORES TEXAS, LLC,       §
WALMART STORES, INC.,             §
JOHN DOE,                         §
                                 §
        Defendant.               §

## DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE

COMES Defendants WAL-MART STORES TEXAS, LLC, and WALMART STORES, INC.., having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:    _/s/ Laura Enriquez_____
        Laura Enriquez
        State Bar No. 00795790
        Attorneys for Defendants
        WAL-MART STORES TEXAS,
        LLC and WAL-MART STORES,
        INC.

## **CERTIFICATE OF SERVICE**

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 23rd day of August 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Tiffany N. Joudi
Scherr & Legate, PLLC
109 N. Oregon, 12th Floor
El Paso, Texas 79901
tjoudi@scherrlegate.com

_____/s/ Laura Enriquez_____
Laura Enriquez

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanette Williams on behalf of Laura Enriquez
Bar No. 00795790
jwilliams@mgmsg.com
Envelope ID: 56546793
Status as of 8/23/2021 10:23 AM MST

Associated Case Party: MatthewChristopherHaner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Tiffany N.Joudi | | tjoudi@scherrlegate.com | 8/23/2021 10:11:01 AM | SENT |
| Lourdes Galindo | | lgalindo@scherrlegate.com | 8/23/2021 10:11:01 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeanette Williams | | jwilliams@mgmsg.com | 8/23/2021 10:11:01 AM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 8/23/2021 10:11:01 AM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 8/23/2021 10:11:01 AM | SENT |

IN THE 205th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

MATTHEW CHRISTOPHER HANER,    §
                             §
        Plaintiff,           §
                             §
vs.                          §    Cause No. 2021DCV2440
                             §
WAL-MART STORES TEXAS, LLC, and   §
WAL-MART STORES, INC.        §
                             §
                             §
        Defendants.          §

## CERTIFICATE OF WRITTEN DISCOVERY

Pursuant to the Texas Rules of Civil Procedure, **MATTHEW CHRISTOPER HANER,**

Plaintiff, states that the following has been served on counsel of record:

1.   Plaintiff's September 21, 2021 Initial Disclosures;
2.   Plaintiff's September 21, 2021 Witness List and Persons with Relevant Knowledge;
3.   Plaintiff's September 21, 2021 Exhibit List.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

_/s/ Tiffany N. Joudi_
**TIFFANY N. JOUDI**
State Bar No. 24065479

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2021, a true and correct copy of the foregoing was mailed to:

**Laura Enriquez**
Mounce, Green, Myers, Safi,
Paxson & Galatzan
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79950
(915)532-2000
(915)541-1548
enriquez@mgmsg.com
*Attorneys for Defendant*

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2440

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
205TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| MATTHEW CHRISTOPHER HANER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Cause No. 2021DCV2440 |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART STORES, INC., | § | |
| JOHN DOE, | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I hereby certify on the 9th day of November 2021, Defendant served upon counsel for

Plaintiff, Tiffany N. Joudi, Scherr & Legate PLLC, 109 N. Oregon, 12th Floor, El Paso, Texas

79901via email/ECF/electronic service\email the following written discovery:

1.    Defendant Wal-Mart's First Set of Requests for Admission to Plaintiff
3.    Defendant Wal-Mart's First Set of Interrogatories to Plaintiff

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999
Phone:  (915) 532-2000
Telefax: (915) 541-1597

By:    _/s/ Laura Enriquez_
        Laura Enriquez
        State Bar No. 00795790
        Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (a)(2), I certify on this the 9th day of November 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Tiffany N. Joudi
Scherr & Legate, PLLC
109 N. Oregon, 12th Floor
El Paso, Texas 79901
tjoudi@scherrlegate.com

_/s/ Laura Enriquez_
Laura Enriquez

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanette Williams on behalf of Laura Enriquez
Bar No. 00795790
jwilliams@mgmsg.com
Envelope ID: 59016095
Status as of 11/10/2021 4:48 PM MST

Associated Case Party: MatthewChristopherHaner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lourdes Galindo | | lgalindo@scherrlegate.com | 11/9/2021 4:26:48 PM | SENT |
| Tiffany N.Joudi | | tjoudi@scherrlegate.com | 11/9/2021 4:26:48 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeanette Williams | | jwilliams@mgmsg.com | 11/9/2021 4:26:48 PM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 11/9/2021 4:26:48 PM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 11/9/2021 4:26:48 PM | SENT |

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2440

IN THE 205th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MATTHEW CHRISTOPHER HANER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2021DCV2440 |
| | § | |
| WAL-MART STORES TEXAS, LLC, and | § | |
| WAL-MART STORES, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF WRITTEN DISCOVERY

Pursuant to the Texas Rules of Civil Procedure, **MATTHEW CHRISTOPER HANER,**

Plaintiff, states that the following has been served on counsel of record:

1.   Plaintiff's December 9, 2021 Response to Defendant's Request for Admissions; and
2.   Plaintiff's December 9, 2021 Answer to Defendant's Interrogatories.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

_/s/ Tiffany N. Joudi_
**TIFFANY N. JOUDI**
State Bar No. 24065479

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of December, 2021, a true and correct copy of the foregoing was mailed to:

**Laura Enriquez**
Mounce, Green, Myers, Safi,
Paxson & Galatzan
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79950
(915)532-2000
(915)541-1548
enriquez@mgmsg.com
*Attorneys for Defendant*

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kirsten Radke on behalf of Tiffany Joudi
Bar No. 24065479
kradke@scherrlegate.com
Envelope ID: 59864036
Status as of 12/9/2021 10:07 AM MST

Associated Case Party: MatthewChristopherHaner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lourdes Galindo | | lgalindo@scherrlegate.com | 12/9/2021 10:05:28 AM | SENT |
| Tiffany N.Joudi | | tjoudi@scherrlegate.com | 12/9/2021 10:05:28 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeanette Williams | | jwilliams@mgmsg.com | 12/9/2021 10:05:28 AM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 12/9/2021 10:05:28 AM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 12/9/2021 10:05:28 AM | SENT |

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2440

IN THE 205th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MATTHEW CHRISTOPHER HANER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2021DCV2440 |
| | § | |
| WAL-MART STORES TEXAS, LLC, and | § | |
| WAL-MART STORES, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**CERTIFICATE OF WRITTEN DISCOVERY**

Pursuant to the Texas Rules of Civil Procedure, **MATTHEW CHRISTOPER HANER,**

Plaintiff, states that the following has been served on counsel of record:

1.  Plaintiff's December 9, 2021 Response to Defendant's Request for Admissions; and
2.  Plaintiff's December 9, 2021 Answer to Defendant's Interrogatories.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

/s/ Tiffany N. Joudi
**TIFFANY N. JOUDI**
State Bar No. 24065479

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of December, 2021, a true and correct copy of the foregoing was mailed to:

**Laura Enriquez**
Mounce, Green, Myers, Safi,
Paxson & Galatzan
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79950
(915)532-2000
(915)541-1548
enriquez@mgmsg.com
*Attorneys for Defendant*

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kirsten Radke on behalf of Tiffany Joudi
Bar No. 24065479
kradke@scherrlegate.com
Envelope ID: 59864036
Status as of 12/9/2021 10:07 AM MST

Associated Case Party: MatthewChristopherHaner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lourdes Galindo | | lgalindo@scherrlegate.com | 12/9/2021 10:05:28 AM | SENT |
| Tiffany N.Joudi | | tjoudi@scherrlegate.com | 12/9/2021 10:05:28 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeanette Williams | | jwilliams@mgmsg.com | 12/9/2021 10:05:28 AM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 12/9/2021 10:05:28 AM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 12/9/2021 10:05:28 AM | SENT |